**John R. BUTCHER, Appellant,**

v.

**Dr. Duong LY, East Arkansas Regional Unit, Arkansas Department of Correction; Bernard Williams, Infirmary Manager, East Arkansas Regional Unit, Arkansas Department of Correc-**

1. The Honorable Lyle E. Strom, United States    District Judge for the District of Nebraska.

tion; Cherrettia Taylor, Classification Officer, East Arkansas Regional Unit, Arkansas Department of Correction (originally sued as Taylor); Max Mobley, Deputy Director, Arkansas Department of Correction; Larry Norris, Director, Arkansas Department of Correction, Appellees.

No. 02–2713.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 30, 2002.

Decided Jan. 3, 2003.

Before LOKEN, BYE, and RILEY, Circuit Judges.

PER CURIAM.

Arkansas inmate John R. Butcher brought this 42 U.S.C. § 1983 action against East Arkansas Regional Unit physician Duong Ly, Infirmary Manager Bernard Williams, Classification Officer "Mrs. Taylor," Arkansas Department of Correction (ADC) Deputy Director Max Mobley, and ADC Director Larry Norris, claiming cruel and unusual punishment, deliberate indifference to his serious medical needs, medical malpractice, and denial of due process. During the course of the proceedings below, the district court[1] denied Butcher's motions to compel, to subpoena witnesses, for an independent medical examination, for appointment of counsel, and to add a defendant, and granted defendants' motion for summary judgment.

Butcher appeals these orders. After careful review of the record, we affirm.

We agree with the district court, for the reasons the court explained, that there was insufficient evidence to support Butcher's claims. See Johnson v. Bi–State Justice Ctr., 12 F.3d 133, 135–36 (8th Cir.1993) (standard of review). However, we modify the dismissal of Butcher's state-law claims to be without prejudice. See Labickas v. Ark. State Univ., 78 F.3d 333, 334–35 (8th Cir.) (per curiam), cert. denied, 519 U.S. 968, 117 S.Ct. 395, 136 L.Ed.2d 310 (1996). Further, the district court did not abuse its discretion in denying Butcher's various prehearing motions, given the evidence already before the district court, the access Butcher had been given to his medical records, the cumulative or irrelevant nature of the proposed witness testimony, the number of medical examinations Butcher had received from physicians other than Dr. Ly, Butcher's demonstrated ability to represent himself, and the futility of adding the proposed defendant in question.

Finally, we deny Butcher's motions for production of documents and for access to a photocopier.

Accordingly, we affirm the judgment, as modified.

A true copy.

---

[1] The HONORABLE H. DAVID YOUNG, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).